UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJY INTERNATIONAL, INC., <br><br>        Plaintiff, <br><br>    v. <br><br>PALDO CO., LTD., <br><br>        Defendant. | Case No. 17-cv-00744-VC <br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br>Re: Dkt. Nos. 206, 207 |

      Paldo's motion for summary judgment on its breach of contract counterclaim is granted, and AJY's motion for summary judgment is denied.

      There is no dispute of material fact that the purchase orders (pursuant to which Paldo shipped goods to AJY) and the parties' established course of conduct (pursuant to which AJY paid Paldo within two or three months of the delivery of the goods) established an obligation on AJY's part to pay Paldo for the items that it received. Dkt. Nos. 207-1, 207-3, 207-5; *see also* Dkt. No. 42-1 at 2-4; *Han v. Samsung Telecommunications America, LLC*, No. CV 13-3823-GW(AJWx), 2013 WL 7158044, at *3 (Dec. 16, 2013). AJY has not offered any evidence disputing that it received these goods or that it has not paid for these goods.

      The typical time frame for AJY to pay Paldo for its goods is not a material fact – no matter the agreed-upon time frame, months (and for some shipments, years) have passed since AJY received goods from Paldo and failed to pay for them. To the contrary, AJY has admitted (in response to requests for admission) that Paldo shipped the goods that AJY ordered, that AJY did not return the products that Paldo shipped, and that the unpaid purchase orders totaled $1,459,891.80. Dkt. No. 208-1 at 237-39. AJY's admission of the total amount owed was

subject only to AJY's intention to object that it was not obligated to make those payments based on its assumption that it had an exclusive right to distribute those products – an assumption that is indisputably unreasonable for the same reasons that caused the Court to previously grant summary judgment to Paldo on AJY's claims – specifically, it is indisputable that that AJY was put on notice as early as 2012 that it was not an exclusive distributor.  Dkt. No. 192.

Additionally, AJY appears to assert (quite boldly) that it does not owe Paldo for these goods on the basis of claims that it makes in another lawsuit.  Claims made in another lawsuit are not evidence that can be used to overcome summary judgment.  Incidentally, to the extent this other lawsuit involves the same subject matter as this one, it is likely barred under doctrines relating to claim splitting, issue preclusion, and/or claim preclusion.

Paldo has offered undisputed evidence that AJY owes Paldo $1,459,891.80 for the goods that AJY received but did not pay for.  As discussed above, AJY does not appear to dispute this amount (except to argue that it owes nothing at all, an argument that fails for the reasons discussed).  However, to the extent Paldo seeks interest on this amount, it has not adequately explained how this sum should be calculated.  Paldo must file an administrative motion within 14 days of this order, with supporting declarations and exhibits, explaining how much interest Paldo believes AJY owes and why.  Paldo should file a proposed judgment at this time as well.  AJY may file a response within 7 days of Paldo's filing.  The Court will decide the motion on the papers.

Additionally, Paldo has offered undisputed evidence that AJY was the alter ego of Keu Yeup Ji.  Dkt. No. 208 at 1-32; Dkt. No. 208-1 at 14-45, 51-75, 81-88; *see Daewoo Electronics America Inc. v. Opta Corp.*, No. C 13-1247 JSW, 2013 WL 3877596, at *5 (N.D. Cal. July 25, 2013); *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003); *Sonora Diamond Corp. v. Superior Court*, 99 Cal. App. 4th 523, 526 (2000).  Therefore, summary judgment is granted on the alter ego claim, and Mr. Ji is jointly and severally liable for the amount owed by AJY.  *See Minnesota Mining & Manufacturing Co. v. Superior Court*, 206 Cal. App. 3d 1025, 1028 (1988).

Because summary judgment on the breach of contract claim affords Paldo the relief it seeks, its requests for summary judgment on its other claims are denied as moot. Paldo's request that the "proposed facts" be "deemed established" is denied as well. Additionally, Paldo's request for judicial notice of other documents in this case is denied as moot. What matters for the purposes of this motion is that AJY has not offered any evidence establishing a genuine dispute of material fact on Paldo's breach of contract claim.

The case management conference scheduled for August 23, 2018 is vacated.

**IT IS SO ORDERED.**

Dated: August 16, 2018

_____
VINCE CHHABRIA
United States District Judge